```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                              11 Cr. 205 (AKH)

NICOLÁS MADURO MOROS and CILIA
ADELA FLORES de MADURO,

                                          Arraignment
              Defendants.

------------------------------x

                                          New York, N.Y.
                                          January 5, 2026
                                          12:15 p.m.

Before:

              HON. ALVIN K. HELLERSTEIN,

                                          District Judge


                    APPEARANCES


JAY CLAYTON
     United States Attorney for the
     Southern District of New York
BY:  KYLE A. WIRSHBA
     KAYLAN LASKY
     NICHOLAS BRADLEY
     KEVIN SULLIVAN
     HENRY ROSS
     Assistant United States Attorneys


HARRIS ST. LAURENT & WECHSLER LLP
     Attorneys for Defendant Nicolás Maduro Moros
BY:  BARRY JOEL POLLACK
```

```
 1                         Appearances (Cont'd)

 2

 3   PARKER SANCHEZ & DONNELLY, PLLC
          Attorneys for Defendant Cilia Adela Flores de Maduro
 4   BY:  MARK DONNELLY
          ANDRES SANCHEZ
 5

 6   Also Present:

 7   Mirta Hess Loedel, Interpreter (Spanish)
     Erika de los Rios, Interpreter (Spanish)
 8   Humberto Garcia, Interpreter (Spanish)

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1            THE DEPUTY CLERK:  This is U.S. v. Nicolás Maduro
2    Moros.  Counsel, please state your appearances for the record.
3            MR. WIRSHBA:  Good afternoon, your Honor.  Kyle
4    Wirshba, on behalf of the government, and I'm joined at counsel
5    able by AUSAs Kaylan Lasky, Nicholas Bradley, Kevin Sullivan,
6    and Henry Ross.
7            THE COURT:  Good morning, all—good afternoon, all, I
8    guess.
9            MR. POLLACK:  Good afternoon, your Honor.  Barry
10   Pollack, on behalf of Mr. Maduro.  And for the record,
11   Mr. Maduro is present in the courtroom.
12           THE COURT:  Good morning, Mr. Pollack.
13           And good morning, Mr. Maduro.
14           MR. DONNELLY:  Good morning, your Honor.  Mark
15   Donnelly, pending my motion *pro hac vice*, here with—
16           THE COURT:  Which is granted.  Which is granted.
17           MR. DONNELLY:  Thank you, your Honor.
18           And we'd also formally make a notice of appearance if
19   the Court will accept it orally.  Thank you.
20           I'm here with my cocounsel, Andres Sanchez.  We
21   represent Ms. Flores de Maduro, who is also present in court.
22           THE COURT:  Good morning, Ms. Flores.
23           MR. DONNELLY:  Thank you.
24           THE COURT:  Good morning, counsel.
25           I am Alvin Hellerstein.  I am the United States

1  district judge assigned to this case.  It's my job in these
2  pretrial proceedings and eventually trial to assure that this
3  is a fair trial and a fair proceeding.  That's my job, and
4  that's my intent.  So we'll start out by summarizing the
5  indictment.
6            Mr. Maduro, Nicolás Maduro Moros, is charged in
7  Count One with narco-terrorism conspiracy; specifically, that
8  from approximately 1999 to 2025, he knowingly conspired with
9  others, namely, Diosdado Cabello Rondón and Ramón Rodriguez
10 Chacín, to manufacture and distribute controlled substances.
11 As part of that conspiracy, he and others knowingly and
12 intentionally provided something of pecuniary value to a person
13 or organization engaged in terrorism and terrorist activity, in
14 violation of Title 21, United States Code, Section 960a, and
15 Title 18, United States Code, Section 3238.
16           In Count Two, Mr. Maduro and Ms. Flores are charged
17 with cocaine importation conspiracy.  From 1999 to 2025
18 approximately, they and others, namely, those mentioned above,
19 Nicólas Ernesto Guerra and Hector Rusthenford Guerrero Flores,
20 and others, engaged in a conspiracy to import, manufacture, and
21 distribute a controlled substance containing a detectable
22 amount of cocaine, intending, knowing, and having reasonable
23 cause to believe that through various means the substances
24 would be unlawfully imported into the United States in
25 violation of Title 21, United States Code, Section 963, and

1    18 United States Code, Section 3238.

2    In Count Three, Mr. Maduro and Ms. Flores are charged
3    with possession of machine guns and destructive devices.  The
4    indictment alleges that during and in relation to a drug
5    trafficking crime, they knowingly used and carried firearms
6    and, in furtherance of such crimes, knowingly possessed
7    firearms and aided and abetted the use, carrying, and
8    possession of firearms, including machine guns and destructive
9    devices, in violation of Title 18, United States Code,
10   Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.

11   And, finally, in Count Four, Mr. Maduro, Ms. Flores
12   are charged with conspiracy to possess machine guns and
13   destructive devices.  The indictment alleges that they
14   knowingly conspired with those named above, and others, to
15   violate Title 18, United States Code, Section 924(c), and
16   violation of Title 18, United States Code, code Sections 924
17   and 3238.

18   Are you, sir, Nicolás Maduro Moros?  Are you, sir,
19   Nicolás Maduro Moros?

20   DEFENDANT MADURO MOROS:  I am Nicolás Maduro Moros.
21   My name is President Nicolás Maduro Moros.  I am president of
22   the Republic of Venezuela.  And I am here kidnapped, and
23   I—since January 3, Saturday.  I was captured at my home in
24   Caracas, Venezuela—

25   THE COURT:  Let me interfere.  There will be a time

and place to go into all of this.  Your counsel will be able to make motions addressing the legal sufficiency of what was done.  At this point in time, I only want to know one thing:  Are you Nicolás Maduro Moros?

         DEFENDANT MADURO MOROS:  I am Nicolás Maduro Moros.

         THE COURT:  Thank you, sir.

         Now, you have a right for me to read the entire indictment to you.  Have you been served with a copy of the indictment?

         MR. POLLACK:  Your Honor, Mr. Maduro has been given a copy of the indictment this morning.  Counsel has summarized it for him.  It has not been read to him verbatim, but he does waive formal reading.

         THE COURT:  All right.  You have a right—

         DEFENDANT MADURO MOROS:  I have it in my hands for the very first time.

         THE COURT:  Now, you can have me read the indictment to you.  Would you like me to read it to you, or do you waive it?

         DEFENDANT MADURO MOROS:  I would rather read it personally.

         THE COURT:  All right.  So you waive the public reading of the indictment?

         DEFENDANT MADURO MOROS:  Correct.

         THE COURT:  Thank you.

Case 1:11-cr-00205-AKH    Document 282    Filed 01/12/26    Page 7 of 19    7
Q15HMadA

1          Now, Mr. Maduro, you have various rights that I should
2  start with telling you.  You are not required to make any
3  statements to the authorities.  Anything you say may be used
4  against you.  You are not required to repeat anything you may
5  have said before.  You are entitled to the presence of counsel.
6  I see you have counsel, Mr. Pollack, here.  And if you can't
7  afford a lawyer, the government will provide a lawyer free of
8  charge.  You have a right to be released pending trial, unless
9  I find that there are no conditions that would reasonably
10 assure your presence in court and the safety of the community.
11         Are you aware of these rights?
12         DEFENDANT MADURO MOROS:  I did not know of these
13 rights.  Your Honor is informing me of them now.
14         THE COURT:  I'm sorry, I didn't hear.
15         DEFENDANT MADURO MOROS:  I did not know of these
16 rights.  Your Honor is informing me of them now.
17         THE COURT:  Well, those are your rights.  You have a
18 right to counsel.
19         How do you plead to the indictment?
20         DEFENDANT MADURO MOROS:  I am innocent.  I am not
21 guilty.  I am a decent man.
22         THE COURT:  Plea of not guilty.
23         DEFENDANT MADURO MOROS:  The constitutional president
24 of my country.
25         THE COURT:  A plea of not guilty will be entered on

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  behalf of Mr. Maduro.
2            You may sit.
3            MR. POLLACK:  Just so the record is clear, it's a plea
4  of not guilty to all four counts.
5            THE COURT:  Yes, sir.  Thank you, Mr. Pollack.
6            (Recess)
7            THE COURT:  For the record, my deputy will now arraign
8  you.
9            Go ahead, Brigitte.
10           THE DEPUTY CLERK:  Mr. Maduro, please rise.
11           You are Nicolás Maduro Moros?
12           DEFENDANT MADURO MOROS:  I am Nicolás Maduro Moros.
13           THE DEPUTY CLERK:  Have you seen a copy of the
14  indictment?
15           DEFENDANT MADURO MOROS:  I have seen it, although I
16  have not read it at this moment, and I have heard the summary
17  of your Honor.
18           THE DEPUTY CLERK:  Have you discussed it with your
19  attorney?
20           DEFENDANT MADURO MOROS:  I have partially spoken to my
21  attorney about this topic.
22           THE DEPUTY CLERK:  Do you waive a reading of the
23  indictment?
24           DEFENDANT MADURO MOROS:  I waive, and I would rather
25  read it personally.

1     THE DEPUTY CLERK:  How do you plead?
2     DEFENDANT MADURO MOROS:  I am innocent.  I am not
3  guilty of anything that is mentioned here.
4     THE COURT:  A plea of not guilty will be entered on
5  behalf of Nicolás Maduro Moros.  Thank you.
6     Ms. Cilia Adela Flores de Maduro, please stand.
7     Are you Cilia Adela Flores de Maduro?
8     DEFENDANT FLORES de MADURO:  Yes, I am Cilia Flores de
9  Maduro.  I am First Lady of the Republic of Venezuela.
10    THE COURT:  The purpose today is just to ask you who
11 you are.  You've identified yourself.
12    Now, you heard my reading, my summary, of the
13 indictment before.  You heard it?
14    DEFENDANT FLORES de MADURO:  Yes.  My attorney, we
15 were speaking, and he gave me a summary.
16    THE COURT:  Did you hear my summary?
17    DEFENDANT FLORES de MADURO:  Yes, I did.
18    THE COURT:  Yes.
19    Would you like the indictment to be read to you in
20 public court?
21    DEFENDANT FLORES de MADURO:  No.
22    THE COURT:  These are your attorneys standing on your
23 right and left, Mr. Donnelly and Mr. Sanchez?
24    DEFENDANT FLORES de MADURO:  Yes, they are here with
25 me.

1    THE COURT:  Have you discussed the indictment with
2 them?
3    DEFENDANT FLORES de MADURO:  Yes.
4    THE COURT:  Have you heard the rights I told
5 Mr. Maduro: the right to keep silent, the right not to speak,
6 knowing that anything said can be used against you, having a
7 lawyer present at all parts of the proceeding, and if you could
8 afford a lawyer, the government would provide a lawyer free of
9 charge?  Do you understand all of that?
10    DEFENDANT FLORES de MADURO:  Yes, I understand and
11 I've heard it.
12    THE COURT:  How do you plead to Counts One, Two,
13 Three——you're not in Count One.  Sorry.
14    How do you plead to Counts Two, Three, and Four?
15    DEFENDANT FLORES de MADURO:  Not guilty.  Completely
16 innocent.
17    THE COURT:  A plea of not guilty will be entered on
18 behalf of Cilia Adela Flores de Maduro to Counts Two, Three,
19 and Four.
20    Thank you, you may sit.
21    Mr. Wirshba, would you give us the date and time of
22 the arrest, circumstances thereof in bringing of defendants to
23 court.
24    MR. WIRSHBA:  Absolutely, your Honor.  The defendants
25 entered United States law enforcement custody at approximately

1   11:30 a.m. on January 3 of 2026 and were transported by plane
2   to the Southern District of New York, landing here in the
3   district at approximately 4:31 p.m. on January 3.
4          THE COURT:  Thank you.
5          MR. WIRSHBA:  Your Honor, at the appropriate time, I
6   have a few other housekeeping matters with respect to
7   presentment.
8          THE COURT:  Yes, you can do so now.
9          MR. WIRSHBA:  Thank you, your Honor.
10         I just wish to note for the record that the defendants
11  also have the right to request consular notification, which is
12  not mandatory in this case.
13         THE COURT:  Thank you for reminding me, yes.
14         MR. WIRSHBA:  Of course, your Honor.
15         And if the defendants could be allocuted as to that
16  fact, that would be appreciated.
17         THE COURT:  Let me do that now.
18         MR. WIRSHBA:  Understood.
19         THE COURT:  Mr. Maduro and Ms. Flores, as citizens of
20  the state of Venezuela, you have a right to consult with
21  consular officials of that state.
22         Do you understand that?
23         DEFENDANT MADURO MOROS:  Yes, we understand it, and we
24  would like to have such consular visit.
25         DEFENDANT FLORES de MADURO:  Yes, I understand, and I

1   would like for that consular visit to happen.
2           THE COURT:  Now, Mr. Wirshba, can you arrange that to
3   happen?
4           MR. WIRSHBA:  We will look into that, your Honor, yes,
5   of course.
6           THE COURT:  And let me know when and where it will
7   happen.
8           MR. WIRSHBA:  Yes, of course, your Honor.
9           One more item of housekeeping, your Honor, if I may.
10          THE COURT:  You may sit, please.
11          Yes.
12          MR. WIRSHBA:  Your Honor, pursuant to Rule 5(f), the
13  government also confirms that it will comply with its *Brady*
14  obligations—
15          THE COURT:  I was going to go into that now.
16          MR. WIRSHBA:  Understood, your Honor.  Thank you.
17          THE COURT:  All right.  I direct the prosecution to
18  comply with its obligation under the United States Supreme
19  Court case of *Brady v. Maryland* and its progeny to disclose to
20  the defense all information, whether admissible or not, that is
21  favorable to the defendant, material either to guilt or to
22  punishment, and known to the prosecution.  Possible
23  consequences for noncompliance may include dismissal of
24  individual charges or the entire case, exclusion of evidence,
25  and professional discipline or court sanctions on the attorneys

1  responsible.  I'll be entering a written order more fully
2  describing this obligation and the possible consequences of
3  failing to meet it, and I direct the prosecution to review and
4  comply with that order.
5            Does the prosecution confirm that it understands its
6  obligation and will fulfill them?
7            MR. WIRSHBA:  Of course, your Honor.
8            THE COURT:  May I have an order?
9            The Rule 5(f) order is now being signed as of this
10 date, January 5, 2026.  I give it to my deputy to file.
11           Anything else, Mr. Wirshba?
12           MR. WIRSHBA:  Yes, your Honor.  The government would
13 just seek to note that the defendants are using the services of
14 an interpreter today throughout the proceedings.
15           THE COURT:  Yes, the court-certified interpreters
16 today are Mirta Hess——is Mirta Hess here?  Yes——and Erika de
17 los Rios and Humberto Garcia.
18           MR. WIRSHBA:  Thank you, your Honor.
19           The government is prepared to——
20           THE COURT:  You've been able, Mr. Maduro and
21 Ms. Flores, to understand the interpretation?
22           DEFENDANT MADURO MOROS:  Yes, I have understood it,
23 and I've been taking notes.
24           DEFENDANT FLORES de MADURO:  Yes, I've understood
25 everything completely.

1           DEFENDANT MADURO MOROS:  I would like to make a
2  request, your Honor.
3           THE COURT:  What is that?
4           DEFENDANT MADURO MOROS:  I would like to ask that my
5  notes be respected and that I be allowed to keep them.
6           THE COURT:  I believe you are entitled to keep them.
7           Mr. Wirshba.
8           MR. WIRSHBA:  Your Honor, we will work with defense
9  counsel and the marshals to ensure that the notes are kept
10 appropriately, your Honor.
11          THE COURT:  All right.  Thank you.
12          I have a letter from Mr. Pollack—and I think this may
13 apply as well to Mr. Donnelly and Mr. Sanchez—about various
14 procedures that need to be taken with regard to fees.  I ask
15 the U.S. Attorney's Office to work with defense counsel to
16 assure that counsel can represent their clients zealously and
17 fully.
18          MR. WIRSHBA:  Understood, your Honor.  We discussed it
19 with defense counsel and will let you know if there are any
20 issues.
21          THE COURT:  All right.  Defense counsel is satisfied?
22          MR. DONNELLY:  We are, your Honor.  Thank you on
23 behalf of Ms. Flores de Maduro.
24          MR. POLLACK:  Yes, your Honor.  Thank you.
25          THE COURT:  Is there an application for bail?

1      MR. POLLACK:  Your Honor, Mr. Maduro is not seeking
2 release at this time, without prejudice to putting in a bail
3 application at a future date.
4      THE COURT:  Mr. Pollack, my firm policy is that
5 whenever, and as often you think it appropriate, you can make
6 that application.
7      MR. POLLACK:  Thank you, your Honor.
8      THE COURT:  And I will hear it.
9      MR. DONNELLY:  Your Honor, similarly, Ms. Flores de
10 Maduro would consent to a waiver without prejudice to be
11 allowed to——
12      THE COURT:  Thank you, yes.
13      MR. DONNELLY:  ——make the application later.
14      THE COURT:  Yes.
15      Now, the next step would be to make production of
16 Rule 16 documents.  What is your proposal?
17      MR. WIRSHBA:  Your Honor, the government is prepared
18 to begin producing Rule 16 materials expeditiously.  We have
19 met with defense counsel and began discussing how that will go.
20 Once the parties are able to settle on a protective order, the
21 government will begin producing voluminous materials almost
22 immediately.
23      The parties have conferred, and it's our joint
24 proposal that the parties either write the Court or come back
25 before the Court, depending on the Court's preference, in

approximately 60 days so that we may update the Court as to our progress on the Rule 16 and a proposed schedule. The parties have, in particular, discussed March 17 as a date where all are available.

        THE COURT: That is a satisfactory date. Defendants, do you agree?

        MR. DONNELLY: We're in agreement, your Honor.

        MR. POLLACK: Yes, your Honor. As the Court alluded to earlier, I do anticipate substantial motions practice. Mr. Maduro is the head of a sovereign state and is entitled to the privileges and immunities that go with that office. In addition, there are issues about the legality of his military abduction. So, under the circumstances, I don't think it makes sense to set a motions date. Mr. Maduro is prepared to waive his speedy trial rights through March 17, and then we'll be able to give you a status report both on the production of discovery up to that date, as well as what we think is a realistic motions deadline.

        THE COURT: Would it be appropriate to set a schedule now for motions?

        MR. POLLACK: Your Honor, I do not think it would be appropriate at this point. As I said, I expect voluminous—voluminous and complicated legal practice, and I think it makes sense to at least start the discovery process. And Mr. Maduro is willing to waive his speedy trial rights

1  through March 17, and then we can set a motions deadline at
2  that time.
3              MR. DONNELLY:  Your Honor, on behalf of Ms. Flores de
4  Maduro, we agree and similarly would waive our speedy trial
5  rights until such time as we're able to reconvene.
6              THE COURT:  Is that satisfactory to the government?
7              MR. WIRSHBA:  Yes, your Honor.  The government would
8  move to exclude speedy trial time under the appropriate statute
9  to allow the defense to review discovery, to allow them to
10 prepare for motion practice, and to allow the government to
11 meet with defense counsel to discuss the future of the
12 litigation.
13             THE COURT:  Without objection, so ordered.
14             MR. POLLACK:  Thank you, your Honor.
15             THE COURT:  Anything else I need to do today,
16 Mr. Wirshba?
17             MR. WIRSHBA:  Nothing from the government, your Honor.
18 Thank you.
19             MR. POLLACK:  Yes, your Honor.  On behalf of
20 Mr. Maduro, there are some health and medical issues that will
21 require attention.  So, if there is a medical form, I'd like to
22 fill that out and make sure he's getting the appropriate
23 attention while he's in pretrial detention.
24             THE COURT:  Work that out with Mr. Wirshba, and he'll
25 be attended to.

1   MR. POLLACK:  Thank you, your Honor.

2   MR. DONNELLY:  Your Honor, similarly with Ms. Flores
3   de Maduro, during her abduction, she sustained significant
4   injuries, as you can see today here in court.  Additionally,
5   there's belief that she may have a fracture or a severe
6   bruising on her ribs.  We'd ask that the Court order, if we're
7   not able to obtain otherwise, a full x-ray and physical
8   evaluation to ensure her health.

9   THE COURT:  Again, would you work it out with
10  Mr. Wirshba?

11  MR. DONNELLY:  Yes, your Honor.

12  THE COURT:  If there's any difficulty with respect to
13  either defendant, let me know, and I will do my best to make
14  sure that you have full and adequate medical attention.

15  MR. DONNELLY:  Thank you, your Honor.

16  MR. POLLACK:  Thank you, your Honor.

17  THE COURT:  Is there anything else now?

18  MR. WIRSHBA:  Not from the government, your Honor.

19  THE COURT:  From the defense?

20  MR. POLLACK:  Your Honor, if I could have the Court's
21  indulgence for just a moment.

22  THE COURT:  Yes.

23  MR. POLLACK:  Nothing else for Mr. Maduro, your Honor.

24  MR. DONNELLY:  Nothing further for Ms. Flores de
25  Maduro, your Honor.

1            THE COURT:  All right then.  I'll see you then on
2       March 17 at 11 a.m.  The courtroom will be identified on the
3       record.
4            Will everybody keep their place while defendants are
5       withdrawn from the courtroom.
6            MR. POLLACK:  Thank you, your Honor.
7            (Adjourned)