# EXHIBIT D

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                                                                  :
          v.                                                      :   S4 11-CR-205 (AKH)
                                                                  :
NICOLAS MADURO MOROS, et al.                                      :
                                                                  :
                    Defendants.                                   :
------------------------------------------------------------------X
```

## DECLARATION OF TIMOTHY P. O'TOOLE, ESQ.

I, Timothy P. O'Toole, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney admitted to the Bar in Washington, D.C. and Member (partner) at the law firm Miller & Chevalier Chartered. I have been a practicing member of the California Bar since 1991 and have been a practicing member of the D.C. Bar for the past twenty-five years. I have practiced in federal and state courts throughout the country during that time period.

2. In my practice, I regularly advise clients on compliance with economic sanctions administered and enforced by the U.S. Department of the Treasury, Office of Foreign Assets Control ("OFAC"). I have advised clients on such matters for over fifteen years. I have led or co-led my firm's economic sanctions and export controls practice group for approximately the past eight years. I advise clients on the scope and application of OFAC's practices and regulations and, acting for a host of diverse clients, my team and I file license applications, requests for guidance, and engage in various other matters

before OFAC on a regular basis. My team is composed of former OFAC staff, and some previous members of my team are now part of OFAC's staff.

3. I have been retained by Barry J. Pollack and Harris St. Laurent & Wechsler LLP to advise on compliance with OFAC sanctions related to the representation of Mr. Maduro, a named defendant in the above-captioned case. OFAC has designated Mr. Maduro under two separate sanctions authorities: Executive Order 13692, Blocking Property and Suspending Entry of Certain Persons Contributing to the Situation in Venezuela ("E.O. 13692")[1] and Executive Order 13949, Blocking Property of Certain Persons With Respect to the Conventional Arms Activities of Iran ("E.O. 13949").[2]

**OFAC's Practice Related to Legal Representation for Sanctioned Persons**

4. Based on my experience as a regular OFAC practitioner, I hereby provide the following summary of relevant OFAC regulations and practices:

5. Economic sanctions are extremely restrictive, generally prohibiting U.S. persons from providing services to or for the benefit of sanctioned persons, among other restrictions. Accordingly, absent authorization from OFAC, attorneys who are U.S. persons, including U.S. citizens and U.S. permanent residents, are prohibited from representing or providing legal services to sanctioned persons.

6. Because of the importance of due process and the rule of law in the United States, OFAC has taken steps to ensure that these rules do not interfere with the important right of

---

[1] E.O. 13692, 80 Fed. Reg. 12747 (Mar. 8, 2015).
[2] E.O. 13949, 85 Fed. Reg. 60043 (Sept. 21, 2020).

access to counsel. In particular, OFAC has historically issued public authorizations or "general licenses" that allow for the provision of legal services and the receipt of payment for such services that would otherwise be prohibited by economic sanctions. I have long understood that these authorizations are consistent with OFAC's commitment to constitutional protections, due process, and basic fairness for sanctioned persons who are named as defendants in or otherwise made parties to legal, arbitration, or administrative proceedings before any U.S. federal, state, or local court or agency ("named parties"). It is my understanding that OFAC does so on a proactive basis so as to ensure speedy access to counsel in U.S. proceedings to the greatest extent possible.

7. Specifically, for most sanctions programs, OFAC has issued "general licenses" authorizing: (1) the representation of named parties before U.S. federal courts or OFAC itself; and (2) the receipt of payment for such representation.[3] OFAC's practice is to publish such general licenses in the Code of Federal Regulations.[4] According to OFAC's own guidance, such general licenses are "self-executing," meaning they allow persons to engage in activities that meet the terms and conditions as described in the general license without the need for further approval from OFAC.[5] For example, OFAC has issued such general licenses in the Venezuela Sanctions Regulations, which implement E.O. 13692, the first of the two sanctions authorities under which Mr. Maduro is sanctioned.[6]

---

[3] *See, e.g.*, 31 C.F.R. § 591.506; 31 C.F.R. § 591.507; 31 C.F.R. § 589.506; 31 C.F.R. § 589.507; 31 C.F.R. § 594.506; 31 C.F.R. § 594.517; 31 C.F.R. § 560.525; 31 C.F.R. § 560.553.
[4] *Id.*
[5] OFAC, Frequently Asked Questions No. 4 (Updated Aug. 21, 2024), https://ofac.treasury.gov/faqs/4.
[6] *See* 31 C.F.R. § 591.506; 31 C.F.R. § 591.507.

8. To be sure, OFAC places certain terms and conditions on such authorizations including, as relevant here, with respect to receipt of payment. OFAC does not permit payment from funds already within the United States or in the possession or control of a U.S. person outside the United Staes (*e.g.*, the foreign branch of a U.S. bank abroad), in order to maintain consistent "blocks" on funds within the United States, which are an important feature of OFAC sanctions. However, general licenses in the Federal Register routinely and invariably authorize payment from funds outside the United States, either by the sanctioned party or by unsanctioned third parties.

9. These general licenses do not authorize payment by sanctioned individuals and entities other than the person on whose behalf the authorized legal services are to be provided. However, OFAC advises parties seeking payment from sources not authorized by the general license to seek "specific licenses" authorizing such payment depending on the facts and circumstances.

10. From my personal experience, I am familiar with cases where a sanctioned employer wished to pay for the representation of a sanctioned employee in U.S. proceedings and sought authorization from OFAC to do so. Although such payment would not be allowed under the terms of the relevant general licenses in the Federal Register, OFAC has, in my experience and observation, granted such license applications upon request and supporting materials. In fact, until now, I was not aware of any case in which OFAC has denied authorization in circumstances where a sanctioned employer expressed a willingness to pay the U.S. legal fees of a sanctioned employee or officer and sought a specific license to do so.

5

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2026.

                                                      */s/ Timothy P. O'Toole*
                                                     Timothy P. O'Toole