

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 23, 2026

**BY ECF & EMAIL**
The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *United States v. Maduro Moros and Flores de Maduro*, S4 11 Cr. 205 (AKH)

Dear Judge Hellerstein:

The Government respectfully moves the Court to enter the Government's proposed Protective Order in this case, which is attached as Exhibit A. The defendants consent to the entry of the proposed Protective Order, with the exception of paragraph 13 ("Paragraph 13"), which prohibits the defendants from sharing the discovery with the four named defendants in this case who have not yet been apprehended. For the reasons set forth below, there is good cause for the limitation set forth in Paragraph 13, including because the defendants' sharing of discovery with unapprehended defendants would pose an unacceptable risk of (1) harm to witnesses and their families, (2) destruction of evidence, and (3) impeding ongoing investigations. As described below, those risks are uniquely compelling here not only because the unapprehended individuals have historically used violence against witnesses and others, but also because they have done so under the auspices of state power, and could do so again to the witnesses or their family members in this case who are located abroad and could be unjustifiably arrested and detained with no recourse for the Government or this Court.[1]

## I.    The Proposed Protective Order

Under the proposed Protective Order, material designated as "Disclosure Material" includes material that:

> (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

---

[1] The defendants intend to file a written opposition to the inclusion of Paragraph 13 in the Protective Order on or before March 30, 2026. Defense counsel agreed to accept discovery on an attorney's-eyes-only basis during the pendency of this litigation regarding the Protective Order.

*United States v. Maduro Moros*, S4 11 Cr. 205 (AKH)                                    Page 2
Hon. Alvin K. Hellerstein
March 23, 2026

(Ex. A ¶ 1). The proposed Protective Order provides that "Disclosure Material shall not be disclosed by the [defense] other than as set forth herein, and shall be used by the defense solely for purposes of defending this action." (Ex. A ¶ 5). The proposed Protective Order places no limitations on the defendants' access to Disclosure Material, and expressly permits the defense to, among other things, seek court authorization to provide Disclosure Material—on an attorney's-possession-only basis—to foreign persons or entities "who defense counsel in good faith believes may be able to provide testimony or information that could lead to the identification of potential witnesses and/or relevant evidence." (Ex. A ¶ 14).

The provision with which the defendants take issue, Paragraph 13, provides that "Disclosure Material may not be shared with any named defendant who has not yet been apprehended in this action or any such defendant's counsel." (Ex. A ¶ 13). At present, there are four defendants named in Superseding Indictment S4 11 Cr. 205 (AKH) (the "Indictment") who have not yet been apprehended on the charges in the Indictment, and with whom the defendants therefore would be prohibited from sharing Disclosure Material under Paragraph 13: Diosdado Cabello Rondón, Ramón Rodríguez Chacín, Nicolás Ernesto Maduro Guerra, and Hector Rusthenford Guerrero Flores (the "Co-Defendants").

## II.    Applicable Law

Rule 16, which governs the discovery at issue here, broadly authorizes the Court to enter a protective order to "deny, restrict, or defer discovery" "[a]t any time," if there is "good cause." Fed. R. Crim. P. 16(d)(1). Good cause for a protective order exists "'when a party shows that disclosure will result in a clearly defined, specific and serious injury'—such as compromising the 'privacy interests of innocent third parties,' causing a risk of harm to law enforcement or others, or 'imped[ing] ongoing [government] investigations.'" *United States v. Jackson*, No. 21 Cr. 537 (LTS), 2022 WL 582700, at *2 (S.D.N.Y. Feb. 25, 2022) (quoting *United States v. Smith*, 985 F. Supp. 2d 506, 523-24, 530 (S.D.N.Y. 2013)); *see also United States v. Urena*, 989 F. Supp. 2d 253, 262 (S.D.N.Y. 2013) (observing that courts commonly enter protective orders as a "means of protecting witness identity," and take into account "the safety of witnesses and others, [or] a particular danger of . . . witness intimidation") (citations omitted). As part of its analysis, "the Court should consider how burdensome a protective order would be on [the defendant], being particularly sensitive to the extent to which a protective order would hinder [his] efforts to defend [himself] at trial." *Smith*, 985 F. Supp. 2d at 544.

## III.    Discussion

There is good cause to include Paragraph 13 in the Protective Order. As described in more detail below, the disclosure of material to the Co-Defendants would risk, among other things, the safety of identified and unidentified Government witnesses and their families, destruction of evidence, and impeding the Government's ongoing investigations. Accordingly, Paragraph 13 limits the distribution of discovery to only four individuals, each of whom the grand jury found had conspired with the defendants to violate federal law. Because of these risks, protective orders with provisions identical to that in Paragraph 13 are routinely entered in this District. *See, e.g.*, *United States v. Lugg, et al.*, No. 25 Cr. 484 (DLC) (S.D.N.Y. Mar. 18, 2026) (ECF No. 141 at 6); *United States v. Auringer, et al.*, No. 25 Cr. 156 (DEH) (S.D.N.Y. Mar. 11, 2026) (ECF No. 81 at 5); *United States v. Mora Nunez, et al.*, 25 Cr. 367 (LAP) (S.D.N.Y. Jan. 28, 2026) (ECF No. 30

*United States v. Maduro Moros*, S4 11 Cr. 205 (AKH)                                Page 3
Hon. Alvin K. Hellerstein
March 23, 2026

at 5); *United States v. Love, et al.*, No. 25 Cr. 397 (JAV) (S.D.N.Y. Dec. 9, 2025) (ECF No. 27 at 5); *United States v. Valero-Calderon, et al.*, No. 25 Cr. 41 (DLC) (S.D.N.Y. July 18, 2025) (ECF No. 46 at 4); *United States v. Smith, et al.*, No. 25 Cr. 293 (DLC) (S.D.N.Y. July 10, 2025) (ECF No. 20 at 12); *United States v. Carson, et al.*, No. 25 Cr. 210 (VM) (S.D.N.Y. June 4, 2025) (ECF No. 25 at 5); *United States v. Singh, et al.*, No. 25 Cr. 68 (ER) (S.D.N.Y. Mar. 24, 2025) (ECF No. 33 at 5); *United States v. Soto-Ramirez, et al.*, No. 23 Cr. 261 (NSR) (S.D.N.Y. July 10, 2023) (ECF No. 34 at 5).

The Government anticipates that the Disclosure Material will include large volumes of sensitive materials relating to the long-running investigation of the defendants and their co-conspirators, including, among other things, U.S. and foreign law enforcement reports, applications for search warrants and other court orders, identified data from search warrant returns for social media accounts, cloud accounts, and electronic devices, financial records, pen register data, and subpoena returns. The Government's proposed Protective Order is narrowly tailored to protect the defendants' interests while imposing little if any burden on the defense. It permits the defendants and their counsel to (i) possess and review information marked Disclosure Material without limitation; (ii) share Disclosure Material with prospective witnesses and personnel retained by counsel for purposes of defending this case; and (iii) upon *ex parte* application to the Court, share Disclosure Material with foreign persons or entities, other than the four co-defendants contemplated in Paragraph 13, who defense counsel in good faith believes may be able to provide testimony or information that could lead to the identification of potential witnesses and/or relevant evidence.

The disputed provision, however, prohibits the defendants from sharing Disclosure Material with the Co-Defendants. Each of the four Co-Defendants has been charged by the grand jury with conspiring with the defendants to commit federal crimes. Each of these Co-Defendants is located abroad and has yet to appear to defend against this case despite having been publicly charged. And each of these Co-Defendants is the subject of an outstanding arrest warrant issued by the Court. Cabello Rondón, Rodríguez Chacín, and Maduro Guerra are major political figures in Venezuela with close ties to Venezuelan military and security forces and hundreds of thousands, or even millions,[2] of followers online. They are also alleged to have trafficked massive quantities of cocaine into the United States with the protection of automatic weapons and—as to Cabello Rondón and Rodríguez Chacín—in partnership with foreign terrorist organizations. Guerrero Flores is alleged to be a leader of *Tren de Aragua*, an extremely violent transnational criminal organization.

These named and publicly charged Co-Defendants pose significant risk to potential witnesses, destruction of evidence, and ongoing investigations. Having been publicly charged—and having refused to face those charges in the United States—the individuals have a powerful motive both to continue to shield themselves from prosecution and to undermine the integrity of this case. Their access to sensitive discovery could facilitate their ability to engage in such evasion and interference—conduct that this Court would be powerless to sanction because those defendants remain at large outside the United States. The ability of this conspiracy to commit acts of violence and intimidation are not imagined or remote. With respect to violence, the defendants'

---

[2] For example, Cabello Rondón currently has approximately has 2.6 million followers on X, formerly known as "Twitter," and over one million followers on Instagram.

*United States v. Maduro Moros*, S4 11 Cr. 205 (AKH)                                Page 4
Hon. Alvin K. Hellerstein
March 23, 2026

willingness to commit acts of violence in furtherance of their conspiracy was found by the grand jury. As described in the Indictment, Maduro Moros and Flores de Maduro engaged in acts of violence including by "order[ing] kidnappings, beatings, and murders against those who owed them drug money or otherwise undermined their drug trafficking operation, including ordering the murder of a local drug boss in Caracas, Venezuela." (Indictment ¶ 21(d)).

The unapprehended Co-Defendants, too, are not just engaged in a typical violent criminal conspiracy. Instead, they corruptly wield the levers of state power. By way of example, as alleged in the Indictment, Cabello Rondón—one of the Co-Defendants—worked with Maduro Moros to cover up their crimes by authorizing the arrest and detention of innocent Venezuelans. In particular, after a load of drugs dispatched by Cabello Rondón and Hugo Armando Carvajal Barrios was seized in Mexico in 2006, Maduro Moros "and others authorized the arrests of certain Venezuelan military officials in an effort to divert public and law enforcement scrutiny away from MADURO MOROS's, CABELLO RONDÓN's, and Carvajal Barrios's participation in the [cocaine] shipment and its coverup." (Indictment ¶ 21(i)). This ability to arrest and detain potential witnesses using force usually reserved for the state creates additional risk not typically present in even the most violent cases. If the unapprehended Co-Defendants were to, for example, use Disclosure Material to identify Government witnesses, they or their family members could be detained without recourse under the guise of legitimate Venezuelan law enforcement action. For these reasons, allowing these particular Co-Defendants to access Disclosure Material would present far greater risks than those present in the vast majority of cases.

Conversely, the defendants are unlikely to be hindered by a restriction on their ability to share discovery with the four at-large Co-Defendants. In light of the Co-Defendants' refusal to appear before this Court to face the charges against them, they are not potential defense witnesses in this case. Moreover, should they ever appear and thereby become potential witnesses, the restriction of Paragraph 13 would no longer apply to them, and they would receive all the discovery to which they are entitled as Co-Defendants in this case.

For the foregoing reasons, the Court should enter the attached proposed Protective Order.

<div style="margin-left: 50%;">

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: _____/s/_____
Kaylan E. Lasky
Henry L. Ross
Kevin T. Sullivan
Kyle A. Wirshba
Assistant United States Attorneys

</div>

Cc: Counsel of Record (by ECF & Email)